UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONETTA BYRD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.  15-2076 (EGS) |
| | ) |
| METROPOLITAN POLICE DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's Motion to Dismiss [ECF No. 4].[1] For the reasons discussed below, the Court will grant the motion.

I. BACKGROUND

The one-page handwritten complaint [ECF No. 1], while short on facts, clearly pertains to plaintiff's encounter with unidentified Metropolitan Police Department ("MPD") officers on February 9, 2014.  Compl. at 1.  Plaintiff alleges that police "knock[ed] and dragged [her] down," and that she was taken by ambulance to the Washington Hospital Center for treatment of "a lot of swellen [sic] knees etc."  *Id*.  As compensation for the resulting physical injuries, "aches and pains," plaintiff demands damages of $999,999,999.999.  *Id*.

II. DISCUSSION

*A.  Subject Matter Jurisdiction*

Defendant first moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  "Because [p]laintiff's complaint fails to allege any facts [to]

---

[1] The Court construes plaintiff's "Appeal Order/Show Cause/Reconsideration Order" [ECF No. 7] as her opposition to defendant's motion to dismiss.  It fails to address the legal arguments set forth in defendant's motion, however, and instead merely "ask[s] the Court to rule in favor of Donetta Byrd[.]"  *Id*.

1

indicate that this Court has subject matter jurisdiction over her claim," Def.'s Mem. at 2-3, defendant contends that the complaint should be dismissed in its entirety, *id*. at 3.

"Federal district courts are courts of limited jurisdiction," and "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A plaintiff therefore bears the initial burden of establishing by a preponderance of the evidence that the Court has subject matter jurisdiction over her claim. *See id.*; *see Citizens for Responsibility and Ethics in Wash. v. U.S. Dep't of Homeland Sec.*, 527 F. Supp. 2d 101, 104 (D.D.C. 2007). In deciding a motion brought under Rule 12(b)(1), the Court "may consider materials outside the pleadings" and it must "accept all of the factual allegations in the complaint as true." *Jerome Stevens Pharms., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) (internal quotation marks and citations omitted).

Federal question jurisdiction, *see* 28 U.S.C. § 1331, exists if plaintiff shows that her claim arises under the Constitution, laws or treaties of the United States. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) ("A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States."). Here, plaintiff does not identify a constitutional or statutory basis for her claims, and it is not apparent that this action arises under the United States Constitution or federal law.

Diversity jurisdiction, *see* 28 U.S.C. § 1332, is shown where both the matter in controversy exceeds $75,000, and the suit is between citizens of different states. *See Price v. Phoenix Home Life Ins. Co.*, 44 F. Supp. 2d 28, 32 (D.D.C.) ("Diversity of citizenship requires complete diversity in which no opposing parties may be citizens of the same state."), *aff'd sub nom. Price v. Phoenix Home Life Mut.*, 203 F.3d 53 (D.C. Cir. 1999). Here, although plaintiff

demands damages far in excess of $75,000 threshold, all of the parties appear to reside or conduct business in the District of Columbia.

### B. Failure to State a Claim

Alternatively, defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted. *See* Def.'s Mem. at 3-4.

A plaintiff's complaint need only provide a "short and plain statement of [her] claim showing that [she] is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "'give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A Rule 12(b)(6) motion tests the legal sufficiency of a complaint[.]" *Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In other words, it "must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012) (citing *Iqbal*, 556 U.S. at 678)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (brackets and internal quotation marks removed). For purposes of this discussion, the Court construes plaintiff's complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and presumes that its few factual allegations are true, *see Gray v. Poole*, 275 F.3d 1113, 1115 (D.C. Cir. 2002).

Plaintiff alleges that police "knocked and dragged [her] down," Compl. at 1, yet the complaint sets forth no other facts about the encounter.  As defendant notes, *see* Def.'s Mem. at 4, the circumstances of the encounter are unclear.  If, for example, the police were arresting plaintiff, "[t]here are plausible scenarios in which [police] could permissibly 'knock and drag' an individual, such as while performing a lawful arrest."  *Id*.  Alternatively, if plaintiff "is alleging that MPD officers intentionally assaulted or battered her," defendant might raise a different defense.  *See id*.  As drafted, plaintiff's complaint neither alleges sufficient facts to state a plausible claim, nor gives defendant fair notice of the claims against it.

### III. CONCLUSION

The Court concludes that it lacks subject matter jurisdiction over plaintiff's complaint.  Even if plaintiff had established subject matter jurisdiction, the Court finds that the complaint fails to state a claim upon which relief can be granted.  Accordingly, defendant's motion to dismiss will be granted.  An Order is issued separately.

Signed:     EMMET G. SULLIVAN
            United States District Judge

Dated:      June 13, 2016